912 F.2d 467
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Beata BOGDZIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 89-2636.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 21, 1990.*
Decided Aug. 29, 1990.
 
 Before BAUER, Chief Judge, and EASTERBROOK, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 On October 8, 1984, sixteen-year old Beata Bogdzia, a Polish native and citizen, entered the United States as a visitor and took up residence with her mother in Chicago, Illinois. Bogdzia, however, failed to depart when her visa expired on April 7, 1985. After requesting, without success, that Bogdzia leave on her own, the Immigration and Naturalization Service (INS) on August 5, 1985 issued an order to show cause why she should not be deported. See Section 241(a)(2) of the Immigration and Nationality Act (INA), 8 U.S.C. Sec. 1251(a)(2). Bogdzia conceded deportability at a hearing held on September 16, 1985, but applied for political asylum under INA Sec. 208, 8 U.S.C. Sec. 1158(a), withholding of deportability under INA Sec. 243(h), 8 U.S.C. Sec. 1253(h), or voluntary departure, INA Sec. 244(e), 8 U.S.C. Sec. 1254(e).
 
 
 2
 In support of her requests for relief, Bogdzia, at a hearing before an immigration judge, testified that her father was active in the Solidarity Labor Union in Bialystok, Poland; he had been detained by the Communist government several times, and he was beaten during one of these detentions, for his anti-Communist activities. Bogdzia testified further that she had not participated in any protests against the Polish government while in Poland, but that she and her mother had marched in a protest held in Chicago. Bogdzia claimed that she might not be allowed to attend school if returned to Poland, or that at age eighteen she might be sent to jail. Besides this, Bogdzia testified that her father received a government pension from his work as a taxi driver, and that her sister attended school in Poland. In addition to her testimony, Bogdzia submitted newspaper articles from various sources which detailed accounts of detention and torture by the Polish government.
 
 
 3
 Although the immigration judge credited Bogdzia's testimony, he denied the applications for asylum and withholding of deportability; he granted her alternative request for voluntary departure. Bogdzia appealed the decision to the Board of Immigration Appeals (BIA), contending that the immigration judge failed to assess her request for political asylum under the "well-founded fear" standard as clarified by the Supreme Court's decision in INS v. Cardoza-Fonseca, 480 U.S. 421 (1987).
 
 
 4
 For purposes of the appeal to the BIA, petitioner's counsel did not submit a statement or brief, allegedly because Bogdzia would not cooperate with him. Asserting that the issue was frivolous, the INS submitted a motion to dismiss the appeal. Due to the intervening decision by the Supreme Court in Cardoza-Fonseca, the BIA conducted a de novo review of Bogdzia's claims, applying the current standards for asylum and withholding of deportation to avoid any potential prejudice to the petitioner. The BIA concluded that Bogdzia did not establish a "well-founded fear of persecution," and therefore did not qualify for political asylum. The BIA also concluded that Bogdzia likewise could not establish the "clear probability of persecution" for entitlement to withholding of deportability. The BIA then affirmed the immigration judge's decision, and upheld the order of voluntary departure. Bogdzia timely appealed the judgment of the BIA. See 8 U.S.C. Sec. 1105a(a).
 
 
 5
 Petitioner only argues on appeal that she has satisfied the standard for obtaining political asylum, but has apparently abandoned her request for withholding of deportability. At a minimum, Bogdzia seeks a remand to the BIA to consider the facts presented in light of In re Chen, Interim Decision 3104 (BIA 1989), in which the Board granted political asylum to an alien "despite little likelihood of future persecution." Bogdzia claims that even "past persecution can be a basis for a persecution claim." In re Chen, Interim Decision 3104, at 3. In this regard, we note that the sweeping political changes in Eastern Europe, specifically in Poland where the Solidarity Party is now in power, do not moot the request for political asylum. See Carvajal-Munoz v. INS, 743 F.2d 562, 564 n. 2 (7th Cir.1984).
 
 
 6
 We review the denial of asylum under an abuse of discretion standard. See Shahandeh-Pey v. INS, 831 F.2d 1384, 1387 (7th Cir.1987); Carvajal-Munoz, 743 F.2d at 568. The BIA's factual findings, however, are reviewed under the substantial evidence standard. Carvajal-Munoz, 743 F.2d at 568. In order to qualify for consideration for political asylum under INA Sec. 208(a), an alien must first show that he or she meets the definition of "refugee" contained in INA Sec. 101(a)(42)(A), 8 U.S.C. Sec. 1101(a)(42)(A); Cardoza-Fonseca, 480 U.S. at 427-28. That provision defines a refugee as:
 
 
 7
 any person who is outside any country of such person's nationality ... and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of protection of that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion....
 
 
 8
 8 U.S.C. Sec. 1101(a)(42)(A). In Cardoza-Fonseca, the Supreme Court determined that the standard for establishing eligibility for political asylum under Sec. 208(a) is less stringent than and substantially different from the standard employed to determine eligibility for withholding of deportation under Sec. 243(h). Under Sec. 208(a), to gain political asylum, an alien needs to demonstrate a "well-founded fear of persecution." Cardoza-Fonseca, 480 U.S. at 442-43. By contrast, an alien must establish a "clear probability of persecution" to qualify for withholding of deportation under Sec. 243(h). Id. at 440-41; INS v. Stevic, 467 U.S. 407, 424-25 (1984). Relief in the form of withholding of deportation is mandatory upon such showing but is discretionary in the case of applications for political asylum. Cardoza-Fonseca, 408 U.S. at 429 & n. 9; Stevic, 467 U.S. at 425.
 
 
 9
 There is no hard-and-fast definition for "well-founded fear of persecution." No definition of the phrase appears in the provision quoted above nor has the Supreme Court supplied one. The Supreme Court, however, continues to emphasize that this standard involves, in part, both objective and subjective evidence, and is determined on a case-by-case basis. Cardoza-Fonseca, 480 U.S. at 430-31; see also Stevic, 467 U.S. at 424-25. We have held, in assessing the "well-founded fear" standard, that the alien "must present specific facts through objective evidence to prove either past persecution or good reason to fear future persecution." Carvajal-Munoz, 743 F.2d at 574 (cited with approval in Cardoza-Fonseca, 480 U.S. at 425). The BIA has adopted the Fifth Circuit's definition, "that is, that an applicant for asylum has established a well-founded fear if he shows that a reasonable person in his circumstances would fear persecution." In re Mogharrabi, Interim Decision 3028, at 9 (BIA 1987) (referring to Guevara Flores v. INS, 786 F.2d 1242 (5th Cir.1986)). Our court, in keeping with Supreme Court precedent, has not announced a bright-line definition for what constitutes a "well-founded fear of persecution."
 
 
 10
 Nevertheless, applying these principles to the situation here, we conclude that substantial evidence supports the BIA's finding that Bogdzia did not establish a "well-founded fear of persecution" by any objective evidence. Bogdzia presented no evidence that she was identified with the Solidarity movement in Poland. In the United States, she only marched in one protest for democratic reform. Although her father's detention and torture in Poland is significant in terms of the subjective element, it does not establish a "well-founded fear" that Bogdzia would be subject to like treatment. Moreover, Bogdzia failed to show any connection between herself and the newspaper articles that were submitted, nor was there any connection established between the articles and any member of Bogdzia's family. Finally, nothing in the record indicates that the BIA did not consider past persecution as sufficient to establish the statutory qualification for political asylum. Thus, we see no reason for remand in light of In re Chen. Based on our review of the record and arguments, we conclude that the BIA properly denied Bogdzia's petition for political asylum and that its finding that Bogdzia failed to establish a "well-founded fear of persecution" is supported by substantial evidence.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record